STEPHEN H. DYER *vs.* FRED S. WALLS, and another, Executors.

Knox.    Opinion December 17, 1892.

*Limitations. Executors and Administrators. Agent or Attorney. R. S., c. 64,*
*§ § 9, 12, 38, 40, 41; c. 87, § § 12, 18.*

When joint executors, one of whom resides out of the State, when appointed, give a joint notice only of their appointment, and omit to insert therein the name and address of the agent or attorney in the State of the latter, they cannot avail themselves of the special statute of limitations in an action against the estate of their testator.

FACTS AGREED.

To an action of assumpsit against the defendants, as executors of Moses Webster, late of Vinalhaven, deceased, they pleaded the general issue and the statute of limitations. It was admitted that at the time of the testator's death, the plaintiff was and ever since has been a resident of Vinalhaven ; that during the same period the defendant, Walls, has resided there ; and the other defendant, Webster, has resided at Hudson, New Hampshire. No notice was given of the appointment of any agent or attorney of defendant Webster in this State.

*C. E. and A. S. Littlefield*, for plaintiff.

*W. H. Fogler*, for defendants.

Action barred : R. S., c. 87, § 12 ; *Pettengill* v. *Patterson*, 39 Maine, 498 ; *Thurston* v. *Lowder*, 40 *Id.* 498 ; *Gould* v. *Whitmore*, 79 *Id.* 383. Defendants gave all the notice required by the order of probate court. Notice may be proved by oral or any competent evidence. Statute requiring appointment of an agent or attorney of non-resident executor has no reference to the statute of limitations. From 1872 until 1883, a creditor could maintain no action against an executor or administrator unless he first presented his claim in writing and demanded payment. In order that a creditor might not be precluded from seasonably presenting his demand, this statute was enacted. By the act of 1883, now incorporated in the R. S., c. 87, § 12, no presentation and demand is required. *Gould* v. *Whitmore*, *supra*.

The appointment of an agent or attorney by an absent executor is still required, and it is a proper provision of statute, convenient for those who desire to present claims and serve notices, but a failure to appoint does not prevent the enforcement of his claim by a creditor, and does not avoid the statute of limitations. A suit can be commenced against an absent executor as readily as though he were within the state. "When an executor or administrator, residing out of the state, has no agent or attorney in the state, demand or service may be made on one of his sureties, with the same effect as if made on him." R. S., c. 87, § 12.

Defendants are joint executors. Walls has been all the time, since their appointment, a resident of Vinalhaven. Two or more executors are regarded in law as one person. *Hartell* v. *Bogert*, 1 Paige, 52 ; *Ames* v. *Armstrong*, 106 Mass. 18 ; 1 Redf. Wills, 222 ; 1 Will. Ex. 246. Being so, if one of the executors live in the State, it would be a useless ceremony for an absent executor to appoint an agent or attorney in the State.

VIRGIN, J. Assumpsit on an account annexed against the goods and estate of Moses Webster, late of Vinalhaven, deceased, testate, in the hands of the defendants, his executors.

The defendants interpose the special limitation bar of two years and six months provided for the benefit of estates of

deceased persons and their personal representatives, by R. S., c. 87, § 12.

The defendants were duly appointed and qualified on February 15, 1887. This action was commenced on February 18, 1890, more than three years after their appointment and qualification; and hence it is absolutely barred, unless the facts of the case bring it within some exception. *Littlefield* v. *Eaton,* 74 Maine, 516; *Lancey* v. *White,* 68 Maine, 28, 30; *Gould* v. *Whitmore,* 79 Maine, 383.

The plaintiff attacks the notice of the defendants' appointment and contends that the case comes within the express provision of R. S., c. 87, § 18, viz. : "When an executor or administrator does not give legal notice of his appointment, he cannot avail himself of the limitations contained in this chapter."

The case shows that the defendants, "within three months after giving bond for the discharge of their trust, caused notices of their appointment to be posted in two public places, specified by the judge of probate, in the town where the testator last dwelt," as required by R. S., c. 64, § 38. While this fact was not proved by the affidavit of the executors filed within one year after giving bond as provided in R. S., c. 64, § 40, for that was not filed until September, 1890, but in the absence of any statutory provision to the contrary, it seems that the fact may be shown *aliunde.* *Henry* v. *Estey,* 13 Gray, 336; *Estes* v. *Wilkes,* 16 Gray, 363.

Was the notice posted a "legal notice" within the meaning of R. S., c. 87, § 18, above quoted? If both of the executors resided in this State its legality could not be questioned. But one of them, at the time of giving notice of his appointment and qualification, and ever since has resided in New Hampshire. And the statute describing the notice to be given peremptorily provides that, "executors or administrators residing out of the state at the time of giving notice of their appointment, shall appoint an agent or attorney in the state, and insert his name and address in such notice." R. S., c. 64, § 41, repeated in R. S., c. 87, § 12. The notice posted by the defendants did not contain the name of any agent or attorney whatever of the

executor who has always resided out of the State. If he were the only executor, the illegality of the notice would not be questioned. And we are of opinion that it is none the less invalid because there are two executors, one of which only resides out of the State. For the only notice given was joint, signed by each executor, and did not contain what the statute expressly requires to make it legal.

To be sure, the statute also provides that, " when an executor, residing out of the State, has no agent or attorney in the state, demand or service may be made on one of his sureties, with the same effect as if made on him" (R. S., c. 87, § 12), and it may be said that the plaintiff's rights may thus be preserved. But while such a construction might meet the particular case since this non-resident executor has given a bond, and presumably with sufficient sureties, still all executors are not required to give bond. R. S., c. 64, § § 9 and 11. And in such cases the rights of creditors of the estate would be prejudiced; and the construction must be general and in harmony with all its provisions on the subject.

While generally co-executors, unless the will under which they act directs otherwise, are to be treated in law as one and the same individual, their authority being joint and entire when acting within the scope of their powers (*Shaw* v. *Berry*, 35 Maine, 279; *Gilman* v. *Healy*, 55 Maine, 120); nevertheless the creditor has a right of action against all who have qualified or at least a majority of them. R. S., c. 64, § 12. Whether the defendants by heedlessly omitting such action on their part as will lose them and the estates under their charge the benefit of the special bar to this action, and thereby render them liable for waste, we need not now inquire. It is sufficient to remark that it behooves all such personal representatives of estates to see that their notices are made in accordance with statutory provisions enacted for their benefit and of the estates to be administered by them.

*Case to stand for trial.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.